## ROBERTS *v.* PEAVEY & *a.*

A cross bill, unless directed by the court, cannot be filed after the hearing on the original bill.

THE principal questions arising in this case were decided at the last July term, and the case was then continued, upon a motion by the defendants' counsel, for leave to file a cross bill, and to give time to the court to consider the applica-

tion. And now at this term the opinion of the court was delivered by

BELL, J. We have carefully examined the books within our reach, and the result to which we have arrived is,

I. That it is out of time, after a decree is ordered, to file a cross bill, and it is too late to file such a cross bill after a hearing, unless in those cases where the court finds itself unable to make a satisfactory decree without further facts than those which the parties have laid before them, when they may direct a cross bill to be filed.

The present is not a case of that kind. The bill alleged a joint interest of the plaintiff and defendants in a mill and privilege, an application, by the defendants, to the selectmen to make orders for repairs, and such order made, and such a state of facts, as to the interests in the mills and privilege, as it was alleged showed that the selectmen had no jurisdiction, and that still the defendants were proceeding to repair under such void order, and prayed an injunction. The answer alleged an unexecuted contract, which, if executed, would have given jurisdiction to the selectmen. The court were satisfied that the selectmen had assumed to act in a case where they had no authority, and their proceedings were, therefore, invalid. If the contract set up by the defendants was now executed, it would not cure the difficulty nor render a judgment now void, of any validity. They, therefore, decreed that the defendants should be injoined against setting up that order, or making repairs under it. Nothing seemed to them to be wanting to enable them to make a decree which should settle all the rights of the parties submitted to them by the bill and answers, and they, therefore, made no direction for filing a cross bill.

A cross bill is a bill brought by a defendant against a plaintiff, or other parties in a former bill depending, touching the matter in question in that bill. It is treated as a mere auxiliary suit, or as a dependency upon the original suit, and can be sustained only on matter growing out of

the original bill. 3 Dan. Ch. Pr. 1742. A cross bill is a mode of defence. The original bill and the cross bill are but one cause. It must be confined to the subject-matter of the original bill, and cannot introduce new and distinct matters not embraced in the original suit; and if it does so, no decree can be founded on those matters, (*Ib.* 1743,) for as to such matters it is an original bill, and they cannot be properly examined at the hearing of the first suit. *Ib.* 1746. The very object of a cross bill, consequently, fails when the matters alleged in it cannot be brought on to be heard with the case made by the original bill and answer. It is, therefore, in general, out of season for a party to file a cross bill after publication of the evidence in the original suit, though, if necessary, publication will be postponed to admit a cross bill, (Welf. Eq. Pl. 226,) or a cross bill may be admitted, if the plaintiff in the cross bill assents to go to a hearing upon the depositions and proofs already published. Story's Eq. Pl. § 395; 2 Mad. Ch. Pr. 431; 1 Smith's Ch. Pr. 466.

The object of a cross bill, such as is proposed here, as we judge from the matters alleged in the answer, is not to affect the original bill, but to obtain original relief upon a supposed contract for the purchase of certain leasehold interests in the lands flowed by the mill. A bill for this purpose may be proper, and it may be sustained, though probably not upon the facts which appear in this case. The whole matter would be an original proceeding, standing upon its own merits, and which might be decided in any way, without its having the slightest bearing on this case. If specific performance of any contract was decreed, it would not confer on the selectmen a jurisdiction which they had not at the time they assumed to act.

If the defendants were to assume one ground suggested in the opinion of the court, that every purchase made by a co-tenant, under circumstances like those of this case, was, in equity, a purchase for the equal benefit of his co-tenants, and vested the estate in them, and the court, on further con-

Roberts *v.* Peavey.

sideration of that question, were to be of that opinion, that might change the whole ground of the case. But such a position is entirely irreconcileable with the allegations of the answer, and it is not quite clear that the defendant can wheel round and change the ground advantageously, against his own deliberate statements. Indeed, we have no reason to suppose the defendants have any desire to raise that question. We are, therefore, of opinion that a cross bill cannot now be filed, and a decree must be entered for the plaintiff, for costs.